**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NEHEMIAS ARREAGA-DIAZ, | No. 15-73320 |
| Petitioner, | Agency No. A201-290-113 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Nehemias Arreaga-Diaz, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We deny the petition for review.

In his opening brief, Arreaga-Diaz does not challenge the BIA's conclusion that he waived any challenge to the IJ's determination that his asylum application was time-barred and that he did not establish an exception to the filing deadline, and he also does not challenge the determination that he did not establish eligibility for humanitarian asylum. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, Arreaga-Diaz's asylum claim fails.

The BIA did not err in concluding that Arreaga-Diaz failed to establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (proposed particular social group of "young men

in Guatemala who resist gang recruitment" lacked particularity).  We reject as unsupported by the record Arreaga-Diaz's contentions that the agency erred in the particular social group analysis.  Thus, Arreaga-Diaz's withholding of removal claim fails.

In his opening brief, Arreaga-Diaz does not raise any challenge to the agency's denial of CAT relief.  *See Lopez-Vasquez*, 706 F.3d at 1079-80.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**